IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRIN D. GROSSKOPF,

                               ORDER

               Petitioner,

                           11-cv-667-bbc

     v.

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petition Darrin Grosskopf has filed a petition for a writ of habeas corpus under 28 U.S.C. 2254 in which he challenges a 2002 conviction for first-degree intentional homicide. The jury rejected petitioner's theory at trial that he stabbed the victim in self defense in the midst of a sexual assault.

Petitioner raises various claims that he groups under five headings: (1) "equal protection of the law erroneous exercise of discretion"; (2) "prosecutorial misconduct, selective and vindictive prosecution"; (3) "equal  protection of the law, bad faith upon law enforcement"; (4) "ineffective assistance of pre-trial and trial counsel"; and (5) "ineffective assistance of counsel on direct appeal."  He has paid the $5 filing fee, making his petition

1

ready for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Because petitioner's conviction is more than nine years old, a threshold question is whether the petition is timely. Under 28 U.S.C. § 2244(d)(1), the limitations period is one year from the latest of four events: (a) the date his conviction became final on direct appeal; (b) the date any impediments to filing imposed by the state were removed; (c) the date a new right was recognized by the Supreme Court; and (d) the date petitioner could have discovered through due diligence the facts underlying his claim. The limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

Because petitioner did not a seek a petition for certiorari with the United States Supreme Court, his conviction became final on direct review 90 days after the Wisconsin Supreme Court denied his petition for review. Jones v. Hulick, 449 F.3d 784, 787 (7th Cir. 2006). Petitioner says that the state supreme court denied his petition in "January 2004," but the online docket for petitioner's appeal shows that it was April 20, 2004, so I will give him the benefit of the later date. This means that the limitations period began running in July 2004.

Petitioner filed a motion in the trial court seeking collateral review under Wis. Stat. 974.06 in December 2004. After the trial court and the court of appeals denied relief, petitioner filed a petition for review with the Wisconsin Supreme Court, which denied the

2

petition on January 9, 2007.

On January 22, 2008, petitioner filed a petition for a writ of habeas corpus with the Wisconsin Court of Appeals, but the court dismissed the petition on April 23, 2008, after he voluntarily withdrew it.

On November 12, 2008, petitioner filed another motion under Wis. Stat. § 974.06. The trial court denied the motion on the ground that petitioner could have raised the claims in his motion on direct appeal or in his first § 974.06 motion. In a decision dated March 2, 2010, the Wisconsin Court of Appeals agreed with the trial court, but concluded that petitioner could raise his claim that law enforcement officials destroyed "certain biological materials" because petitioner did not learn that the evidence had been destroyed "until 2008," well after petitioner filed his direct appeals or previous § 974.06 motions. However, the court of appeals rejected that claim on the merits. The Wisconsin Supreme Court denied his petition for review on October 27, 2010.

Petitioner filed this case on September 28, 2011.

Well more than one year has passed since petitioner's conviction became final in July 2004, even if I subtract all of the time that petitioner was pursuing collateral review in state court under § 2244(d)(2). Thus, petitioner's claims are not timely under § 2244(d)(1)(A). However, the Wisconsin Court of Appeals concluded that petitioner did not discover the facts underlying his claim regarding destruction of evidence until sometime in 2008,

3

suggesting that § 2244(d)(1)(D) could apply.

It is not clear when in 2008 petitioner learned that the evidence had been destroyed because the Wisconsin Court of Appeals was not any more specific in its opinion and petitioner does not identify the date specifically in his petition.  However, petitioner suggests that he may have learned about this sometime before April 23, 2008, which is when he says his petition for a writ of habeas corpus "was voluntarily withdrawn . . . after the discovery of new undiscovered evidence."  Petitioner does not identify any new evidence he acquired other than that related to his destruction of evidence claim.

If petitioner discovered the facts underlying his destruction of evidence claim in April 2008, that claim is untimely even under § 2244(d)(1)(D) because more than one year would have passed between that time and when he filed this petition, even if I do not consider the time for which his November 2008 § 974.06 motion was pending.

Accordingly, I will give petitioner an opportunity to supplement his petition to identify the date he learned that officials destroyed the biological materials he believes they should have preserved.  Alternatively, if petition believes he is entitled to equitable tolling, he should submit a brief and any necessary evidentiary materials showing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Holland v. Florida, 130 S. Ct. 2549, 2562-63 (2010).  If petitioner pursues that route, he should be as specific as possible in explaining what

4

particular obstacles prevented him from filing earlier than he did.

ORDER

IT IS ORDERED that petitioner Darrin Grosskopf may have until December 16, 2011, to file a supplement to his petition identifying the date he learned that officials destroyed the biological materials he believes they should have preserved.  In the alternative, petitioner may file supplemental materials showing that he is entitled to equitable tolling under the standard described in this order.  If petitioner does not respond by December 16, 2011, I will dismiss the petition for petitioner's failure to prosecute it.

Entered this 2d day of December, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5